```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
```

WIRELESS AGENTS, L.L.C.,           §
                                   §
                    Plaintiff,     §
                                   § Civil Action No. 3:06-CV-0480-D
VS.                                §
                                   §
T-MOBILE USA, INC., et al.,        §
                                   §
                    Defendants.    §

## MEMORANDUM OPINION
## AND ORDER

Plaintiff Wireless Agents, L.L.C. ("Wireless") moves to remand this case, which was removed under this court's diversity jurisdiction. The court grants the motion, but it declines to award Wireless attorney's fees and costs under 28 U.S.C. § 1447(c).[1]

I

Mitchell R. Truelock ("Truelock"), a Wireless member who owns a 1% interest, is a California citizen. Wireless is therefore a California citizen.[2] Defendant Danger, Inc. ("Danger") has its

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Defendants recognize that, although the Fifth Circuit has not yet decided the question, "every other Circuit to address the issue has concluded that the citizenship of a limited liability corporation is based on the citizenship of all of its members and that the district courts in the Fifth Circuit that have addressed

principal place of business in California and therefore is a California citizen. *See, e.g., Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that corporation is considered to be citizen both of state of incorporation and of principal place of business). It is settled that diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). "This means that no plaintiff can be a citizen of the same state as even one defendant." *Davis v. Am. Home Prods.*, 2005 WL 910601, at *2 (N.D. Tex. Apr. 20, 2005) (Fitzwater, J.). Unless the court can disregard Truelock's citizenship, complete diversity is absent because there are California citizens on both sides of the case, and this action must be remanded.

Under *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990), this court has "both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." *Id.* at 185. "[T]he issue of whether the assignment was improperly or collusively made is to be resolved as a simple question of fact." *Id.* at 186 (citing *Bass v.*

---

the issue have held the same." Ds. Br. 9 n.2.

*Tex. Power & Light Co.*, 432 F.2d 763, 766-67 (5th Cir. 1970)). "The party invoking federal jurisdiction bears the burden of proof if diversity is challenged." *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 878 n.16 (5th Cir. 2004) (quoting *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979)). Defendants therefore have the burden of proof.

In order to find that Wireless conveyed to Truelock a 1% ownership interest principally to defeat removal, the court must be able to conclude that Wireless's lead counsel, Michael W. Shore, Esquire ("Shore"), perjured himself in this court.[3] On April 11, 2006 Shore signed a declaration in which he declares under penalty of perjury that, until this court's March 20, 2006 order, which required defendants to amend their notice of removal to allege Wireless's citizenship based on the citizenship of all its members, "[Wireless] and its counsel were unaware that [Wireless's] citizenship for the purposes of diversity was based upon the citizenship of all its members." Shore 2d Decl. ¶ 3.[4] Shore

---

[3] An attorney who commits perjury subjects himself, at a minimum, to loss of his law license, and he could be convicted of a criminal offense that includes the penalty of imprisonment.

[4] The court cites Shore's declaration rather than Wireless's appendix because Wireless did not comply with N.D. Tex. Civ. R. 7.1(i), which provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-documentary evidence to support or oppose a motion must include such evidence in an appendix." Because this deficiency has not interfered with the decisional process of the court, the court has considered this document.

submitted this declaration in support of Wireless's reply brief, filed April 11, 2006. He filed the declaration a second time in support of Wireless's final reply brief, filed April 24, 2006. Because the court is unwilling to find on the present record that Shore's sworn declaration is perjurious, it concludes that defendants have failed to carry their burden.

Wireless assigned Truelock the 1% interest on July 10, 2005. It filed this suit in state court on December 27, 2005. Defendants removed the case to this court, where it was first assigned to Judge Sanders' docket and then transferred to the undersigned's docket. On March 20, 2006 the court ordered defendants to amend their notice of removal to allege Wireless's citizenship based on the citizenship of all its members. Under Shore's sworn explanation, "[b]ecause [Wireless] was unaware of this test until it received the Court's [o]rder, it was not possible for [Wireless] to have conveyed an interest to Mr. Truelock with the intent of later claiming that Mr. Tru[e]lock's interest was made solely for the purpose of defeating diversity." *Id*. Although Shore uses the term "solely" rather than "principally," the probative effect of his declaration is the same: neither Wireless nor its attorneys were aware that the assignment of a fractional interest in Wireless to a citizen of the same state as one of the potential defendants

would defeat diversity and removal.[5]  Shore also states that "[t]he transfer to Mr. Truelock was not related in any manner to this lawsuit."  *Id.* at ¶ 7.  This evidence is sufficient to undermine defendants' attempt to establish that Wireless conveyed to Truelock a 1% ownership interest in Wireless principally to defeat removal.

The court finds that defendants have failed to carry their burden of proving that Wireless assigned Truelock the 1% interest principally to defeat removal.  Complete diversity is therefore absent, this court lacks subject matter jurisdiction, and the case must be remanded.

II

The court denies Wireless's request for attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ___ U.S. ___, 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  Under the circumstances presented here, there

---

[5]Shore also avers that, before Wireless filed suit in state court, he was unaware of Truelock's "existence, residence, or ownership interest in Wireless."  Shore 2d Decl. ¶ 6.  Although this statement refers only to Shore's knowledge rather than to that of other attorneys representing Wireless, such information would typically be known by lead counsel in a case of this type, if Wireless intended to defeat diversity on this basis.

was clearly an objectively reasonable basis for defendants to remove this action to this court and to challenge the assignment to Truelock of a 1% ownership interest in Wireless.

\*   \*   \*

Wireless's March 27, 2006 motion to remand is granted. The court concludes that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), it remands this case to the 68th Judicial District Court, Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

June 8, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 6 -